[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Patrick Murray's sole assignment of error alleges that his conviction for domestic violence, in violation of R.C. 2919.25, was based upon insufficient evidence and was against the manifest weight of the evidence.
 {¶ 3} Murray argues that the victim's testimony was incredible. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. See State v. DeHass (1967),10 Ohio St.2d 230, 277 N.E.2d 212, paragraph one of the syllabus. The trial court chose to believe the victim's testimony as corroborated by a police officer.
 {¶ 4} We hold that, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the essential elements of domestic violence had been proved beyond a reasonable doubt. See State v. Waddy (1992), 63 Ohio St.3d 424,588 N.E.2d 819. Further, we cannot say that in resolving the conflicts in the evidence the trial court clearly lost its way and created such a manifest miscarriage of justice that Murray's conviction must be reversed and a new trial ordered. See State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541; State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717. The assignment of error is overruled.
 {¶ 5} Therefore, the judgment of the trial court is affirmed.
 {¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.